1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

9
10
11
12
13
14

| | |
|---|---|
| LORI KOCH, an individual, | |
| Plaintiff, | No. 1:21-cv-3001 |
| v. | COMPLAINT |
| KLICKITAT COUNTY HEALTH DEPARTMENT, KLICKITAT COUNTY, and CARLA DIONNE, an individual, | |
| Defendants. | JURY DEMAND |

15

### I.    NATURE OF THE CASE

16
17
18
19
20
21
22

1.1    Plaintiff Lori Koch, a former employee at Defendant Klickitat County Health Department ("KCHD"), brings this action to redress unlawful retaliation against her by Klickitat County ("the County"), KCHD, and KCHD director, Defendant Carla Dionne. Ms. Dionne allegedly terminated Ms. Koch for not being "a team player" soon after Ms. Koch raised concerns about threats made by Ms. Dionne as well as standing up to Ms. Dionne about decision making at the County.

23

COMPLAINT—Page 1

**NAVIGATE LAW GROUP**
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

## II. JURISDICTION AND VENUE

2.1 This Court has subject matter jurisdiction over Ms. Koch's 42 U.S.C. §1983 claim for violation of the First Amendment of the U.S. Constitution pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.2 This Court has supplemental jurisdiction over Ms. Koch's state law claim pursuant to 28 U.S.C. § 1367.

2.3 Venue properly rests with this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES AND JURISDICTION

3.1 Plaintiff Lori Koch is a former employee of Defendants and a citizen of Washington State.

3.2 Defendant Klickitat County Health Department is an agency or department of Defendant Klickitat County, Washington.

3.3 Defendant Carla Dionne served as director of KCHD from approximately January 2018 through Plaintiff's departure. At all times pertinent to this Complaint, Ms. Dionne acted under color of law.

3.4 Defendant Klickitat County is a county of the State of Washington.

## IV. FACTS

COMPLAINT—Page 2

NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

4.1     Ms. Koch began working for KCHD's predecessor, the "Southwest Washington Health District", part-time in approximately 1980, and full time in approximately 1991. Ms. Koch transitioned to KCHD when it became its own entity in approximately 1998.

4.2     Ms. Koch had a long history of fiscal management as Administrative Division Manager for KCHD, and had risen to the level of Interim Director prior to the hire of Ms. Dionne.

4.3     When Ms. Dionne was hired as the Director, Ms. Dionne often challenged Ms. Koch on budget decisions and line items.

4.4     Ms. Koch would often stand up to Ms. Dionne and make decisions based on how she knew how her department traditionally operated.

4.5     Upon Ms. Dionne's arrival, she began to remove responsibilities from Ms. Koch and forced her to "stand down" or defer to Ms. Dionne on budget issues, printing, staffing, and other tasks clearly within Ms. Koch's span of control.

4.6     On or around March 5, 2018, Ms. Dionne issued a "stand down" request to Ms. Koch for requesting approval for standard printing.

4.7     Additionally on or around March 5, 2018, Ms. Dionne removed Ms. Koch's ability to approve expenditure, and arbitrarily required Ms. Dionne's approval for any requests for items to be purchased or the processing of invoices, further stripping Plaintiff of authority.

4.8     Ms. Dionne additionally had the company credit card limit raised from $2,500 to $5,000.

COMPLAINT—Page 3

4.9     In another instance, Ms. Dionne wanted to order a new cell phone.

4.10    Ms. Koch and other employees began to make recommendations about the phone, while considering the budget.

4.11    On or around March 23, 2018, Ms. Dionne, told Angie Kaley and Ms. Koch to "stand down", even though they were trying to make recommendations that comported with the KCHD's budget. Ms. Dionne ignored Ms. Koch's recommendations.

4.12    At one point, Ms. Koch told Ms. Dionne that she would be requesting family and medical leave, because she anticipated taking care of her daughter, who was diagnosed with breast cancer. Ms. Koch followed up with KC Sheridan in Human Resources to request the paperwork.

4.13    On or around March 14, 2018, Ms. Dionne met with Ms.  Koch. Ms. Dionne asked Ms. Koch to close the door. Ms. Dionne then threatened Ms. Koch, urging her to keep quiet or it "will come back around to [her]", which Ms. Koch reasonably perceived was harassment and a threat.

4.14    On or around May 1, 2018, Ms. Koch went to Randi Post, the HR director, and reported Ms. Dionne for what Ms. Koch perceived to be harassing and threatening behavior by Ms. Dionne. Ms. Post dismissed Ms. Koch's claims, and as far as Ms. Koch is aware, Ms. Post did nothing to investigate such claims.

4.15    On or around May 2, 2018, Ms. Dionne inappropriately yelled at Margaret Pillon, with Penny Andress as a witness to the yelling.

4.16    Ms. Andress reported to Ms. Post about what she reasonably believed was harassing and threatening behavior by Ms. Dionne.

COMPLAINT—Page 4

**NAVIGATE LAW GROUP**
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

4.17    Ms. Post dismissed Ms. Andress's claims about Ms. Dionne's inappropriate aggressive behavior, and again made no attempt to investigate such claims. Ms. Post stressed to Ms. Andress that Ms. Post would support Ms. Dionne as the Director.

4.18    Additionally, Ms. Pillon reported her concerns about Ms. Dionne's threatening behavior to Ms. Post, as well as to KCHD Board Members Erin Quinn and Sue Pennington.

4.19    On or around the morning of May 10, 2018, Defendants terminated Ms. Koch's employment. Her termination letter stated that her dismissal was "felt to be in the best interest of the County."

4.20    Ms. Pillon's employment was also terminated on the same day as Ms. Koch.

4.21    On or around the afternoon of May 10, 2018, Dr. Swarztrauber, Public Health Officer, wrote Ms. Dionne an email informing her that other KCHD personnel were scared they were also going to lose their jobs.

4.22    The following day, on around May 11, 2018, Ms. Dionne replied in writing to Dr. Swarztrauber that the other nurses' jobs were safe. Ms. Dionne then referenced Ms. Pillon and Ms. Koch and stated "…there were too many details and phone calls regarding the termination of both Margaret Pillon and Lori Koch that interrupted the plan." Ms. Dionne then stated that it was her greatest hope to build a "true clinic TEAM" and that she needed "the right people on the 'bus' to make that happen".

V.    **FIRST CAUSE OF ACTION -- 42 U.S.C. § 1983 CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS**

COMPLAINT—Page 5

5.1     Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

5.2     The First Amendment prohibits a public employer and a public official from retaliating against a public employee on account of her constitutionally protected speech activity.

5.3     Ms. Koch spoke up on matters of public concern and that were outside the scope of her official job duties.

5.4     Ms. Koch's constitutionally protected activities were substantial or motivating factors in Defendants' termination of Ms. Koch's employment.

5.5     Ms. Koch's free speech interest is greater than any interest of Defendants in promoting the efficiency of public services. Defendants would not have terminated Ms. Koch in the absence of her constitutionally protected activities.

5.6     Defendants' actions have deprived Ms. Koch of rights secured by the United States Constitution in violation of 42 U.S.C. § 1983.

5.7     Ms. Dionne's actions described above were willful and taken with reckless disregard to Ms. Koch's constitutional rights.

5.8     Ms. Dionne's actions, described above, violated clearly established constitutional rights of which reasonable officials would have known.

5.9     As a direct and proximate cause of Defendants' violation of Ms. Koch's First Amendment rights, she has suffered and continues to suffer economic damages, including lost past and future wages and employment benefits, medical expenses,

COMPLAINT—Page 6

consequential damages, and general damages in the form of emotional distress, anxiety,

mental anguish, humiliation, and embarrassment, all in amounts to be proven at trial.

## VI.    SECOND CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

6.1    Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

6.2    The aforementioned conduct of Defendants violated the clear mandates of public policy which prohibits any person or entity from discriminating or retaliating against an employee who complains about a hostile and/or dangerous workplace.

6.3    Washington law, including but not limited to RCW 9A.46.020, RCW 9A.36, RCW 49.17, RCW 49.12 and WAC 296-800, recognizes the clear public policies that persons, including employees, will not be subjected to bodily harm, and will not be subjected to acts of violence or threats of violence in the workplace and that employees may make reasonable, good faith reports of violence or threats of violence without retaliation.

6.4    Defendants wrongfully terminated Plaintiff for, among other things, reporting concerns of a hostile workplace or acts of violence or assault, violating a clear mandate of public policy.

6.5    As a consequence of the unlawful conduct of Defendants, Plaintiff has been injured and damaged in an amount to be proven at trial, for which she is entitled to recover

COMPLAINT—Page 7

all of her actual and compensatory, economic, and non-economic, special and general damages.

6.6    Plaintiff is further entitled to an award for her costs, litigation expenses, and reasonable attorneys' fees.

## VII. THIRD CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT ("FMLA"), 29 U.S.C. § 2601

7.1    Plaintiff repeats and re-alleges all previous paragraphs of the Complaint as if fully set forth herein.

7.2    Defendants are a covered employer under FMLA.

7.3    Plaintiff was an employee eligible for leave under FMLA.

7.4    Plaintiff was entitled to FMLA leave.

7.5    Notice of Plaintiff's intention to take family medical leave was given to the employer.

7.6    Defendants interfered with Plaintiff's rights under FMLA when Defendants terminated Plaintiff for informing them of her intention to take protected leave.

7.7    Plaintiff was terminated, depriving of her right to the same or similar position upon return from leave.

7.8    Defendants terminated Plaintiff and used her medical leave as a negative factor when making the determination to terminate Plaintiff.

7.9    As a result of these violations, Plaintiff suffered damages to be proven at trial.

COMPLAINT—Page 8

1

## VIII. RESERVATION OF RIGHTS

2      8.1      Plaintiff reserves the right to add, revise, or withdraw any claims, or add

3  additional parties, including but not limited to KCHD's  officers, managers or supervisors,

4  during the course of the litigation as information is obtained through discovery.

5

## IX. PRAYER FOR RELIEF

6      Wherefore, Plaintiff requests that the Court:

7  9.1      Make Plaintiff whole by awarding general damages, including damages for

8  emotional distress, inconvenience, damage to Plaintiff's professional reputation, mental

9  anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

10  9.2 Make Plaintiff whole by awarding Plaintiff back pay and other losses directly

11  related to the adverse employment actions she has suffered in amounts to be proven at

12  trial, with interest accruing thereon;

13  9.3 Plaintiff seeks front pay, and other remedial relief as may be appropriate to alleviate

14  the effects of the wrongful termination, reasonable attorney's fees and costs, including

15  but not limited to expert witness fees, whether statutory or equitable, to be assessed

16  herein;

17  9.4 Plaintiff seeks all other "actual damages" and "any other appropriate remedy"

18  including compensation for diminution of any award due to taxes.

19  9.5 Punitive damages in amounts to be established at trial under 42 U.S.C. § 1983

20  9.6 Pre-judgment interest; and,

21  9.7      Any additional or further relief that this Court finds just and equitable under

22  the circumstances.

23

COMPLAINT—Page 9

**NAVIGATE LAW GROUP**
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

DATED this 4th day of January 2021.

By:

/s/Colin F. McHugh
COLIN F. McHUGH, WSBA #47108
Navigate Law Group
*Attorneys for Plaintiff*

COMPLAINT—Page 10